IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**VINCENT DOZIER, #03082**                                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.  3:05cv530HTW-JCS**

**TOBY TOWBRIDGE**                                                                        **DEFENDANTS**

OPINION AND ORDER

On August 29, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.  On October 27, 2005, an order [8-1] was entered directing the plaintiff to amend his complaint within twenty days.  Although more than twenty days passed, the plaintiff failed to comply.

On December 28, 2005, the plaintiff was ordered to show cause [10-1] in writing, within fifteen days, stating why this case should not be dismissed for his failure to comply with this court's October 27, 2005, order [8-1].  The plaintiff was warned in the December 28, 2005, order [10-1] that if he did not comply with the Court's order, this case would be dismissed without prejudice and without further notice to him.  Although the plaintiff was directed to respond by January 12, 2006, a deadline of more than 60 days ago, the plaintiff has failed to respond or to otherwise communicate with this Court.

It is apparent from the plaintiff's failure to comply with this Court's orders of October 27, 2005, and December 28, 2005, and from his failure to otherwise communicate with this Court, that he lacks interest in pursuing this claim.  This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad,

370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.  Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A Final Judgment in accordance with this Opinion and Order will be entered.

This the 17th day of March, 2006.

>                    s/ HENRY T. WINGATE
>
>                    CHIEF UNITED STATES DISTRICT JUDGE

3:05cv530HTW-JCS